**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
DILEK DINC, *on behalf of herself,*                          Case No.
*FLSA Collective Plaintiffs and the Class*,

        Plaintiff,    **CLASS AND COLLECTIVE**
              **ACTION COMPLAINT**

   -against-          **Jury Trial Demanded**

BARTU LLC d/b/a HAIRCO ASTORIA
and BAHADIR TEKIN,

        Defendants.
-------------------------------------------------------------X

   Plaintiff Dilek Dinc ("Dinc" or "Plaintiff"), alleges on behalf of herself and others similarly situated against the Defendant Bartu LLC d/b/a HairCo Astoria ("HairCo") and Defendant Bahadir Tekin ("Tekin") (collectively "Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Plaintiff Dinc alleges pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. §§ 201 et. seq. ("FLSA") that she is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) liquidated damages and (4) attorneys' fees and costs.

2. Plaintiff Dinc further alleges that, pursuant to the New York Labor Law ("NYLL") that she is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) spread-of-hours pay, (4) statutory penalties, (5) liquidated damages, and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337, and 1343.

4. This Court has supplemental jurisdiction over Plaintiff's New York State law claims pursuant to 28 U.S.C. § 1367.

1

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 since Defendants maintain their principal place of business in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 2202.

**PARTIES**

**Plaintiff Dinc**

7. Plaintiff Dinc was and is a resident of Queens County, New York.

8. From approximately October 1, 2020 to approximately October 21, 2021, Plaintiff Dinc was employed by the Defendants.

9. Plaintiff was employed by the Defendants as a cosmetologist and general assistant.

10. For the duration of her employment with Defendants, Plaintiff Dinc was an employee engaged in interstate commerce on behalf of Defendants.

11. By way of example, during her employment with Defendants, Plaintiff provided services to customers who resided outside of New York State and commuted via interstate commerce.

12. At all times relevant to this action, Plaintiff Dinc was an employee of Defendant HairCo within the meaning of the FLSA and NYLL.

**Defendant Tekin**

13. Upon information and belief, Defendant Tekin was and is a resident of the State of New York.

14. At all times relevant to this action, Defendant Tekin served as a principal, officer, owner, and/or manager of HairCo.

15. Defendant Tekin was and is the Owner of HairCo.

16. At all times relevant to this action, Defendant Tekin was Plaintiff's supervisor and/or manager during Plaintiff's employment with the Defendants.

17. At all times relevant to this action, Defendant Tekin possesses or possessed operation control and policy making authority, an ownership interest, or significant control of Defendant HairCo.

18. Defendant Tekin possessed and/or exercised the power and authority to hire and fire schedules, control labor relations and personnel policies, maintain employment records, and determine terms and conditions of Plaintiff's employment.

19. Employees of HairCo, including Plaintiff, could complain to Defendant Tekin regarding any of the terms of her employment.

20. Defendant Tekin would have the authority to effect any changes to the quality and terms of their employment.

21. The acts of the Defendants charged in this Complaint were authorized, directed, or accomplished by Defendant Tekin, individually or through her agents, officers, employees, or representatives, while actively engaged in the management and/or ownership of Defendant HairCo

22. Defendant Tekin is personally jointly and severally liable for the violations of the FLSA and NYLL by Defendant HairCo.

**Defendant HairCo**

23. Defendant HairCo was and is a domestic business corporation existing under the laws of the State of New York.

24. At all times relevant to this action, Defendant HairCo has been a business or enterprise engaged in interstate commerce employing more than fifteen (15) employees and earning gross annual sales over $500,000.00.

25. At all times relevant to this action, Defendant HairCo is a Hair salon.

26. At all times relevant to this action, Defendant HairCo is located at 29-17 Ditmars Blvd Queens, New York 11105-2718.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings a claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

28. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them minimum wage and overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek.

29.  The claims of the Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b).

30. The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail for the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

31. Plaintiff brings a claim for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

32. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rate of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under FRCP Rule 23.

33. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

34. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay minimum wage, (ii) failing to pay overtime compensation, (iii) failing to pay spread of hours, (iv) failing to pay all tips to which employees are entitled, (v) failing to provide proper wage statements per requirements of the New York Labor Law, and (vi) failing to provide proper wage and hour notices, at date of hiring and annually, per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

35. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class.  Plaintiff are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

36. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.  Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress to wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of the individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

6

37. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

38. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendants employed the Plaintiff and Class members within the meaning of the New York law;

    b. What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

    c. At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class members for their work;

    d. Whether Defendants properly notified Plaintiff and Class members of their hourly rate and overtime rate;

    e. Whether Defendants paid Plaintiff and Class members the proper minimum wage rate;

    f. Whether Defendants paid Plaintiff and Class members the proper overtime compensation under the New York Labor Law;

    g. Whether Defendants paid Plaintiff and Class members spread of hours pay under the New York Labor Law;

    h. Whether Defendants provided a proper wage notice to Plaintiff and Class Members per requirements of the New York Labor Law; and

    i. Whether Defendants provided proper wage statements to Plaintiff and Class members per requirements of the New York Labor Law.

## FACTUAL ALLEGATIONS

39. On or about October 2020, Plaintiff, Plaintiff Dinc commenced her employment with Defendant HairCo.

40. During her employment with Defendant HairCo, Plaintiff Dinc worked at the 29-17 Ditmars Blvd Queens, New York 11105-2718 location.

41. From approximately October 2020 to approximately October 21, 2021, Plaintiff Dinc worked at Defendant HairCo as a cosmetologist and general assistant.

42. That at all times relevant, Plaintiff Dinc was a non-exempt employee within the meaning of all applicable statutes.

43. Defendant Tekin initially informed Plaintiff Dinc that her first two weeks at Defendant HairCo would be used as a probationary trial period.

44. For these two weeks, Plaintiff Dinc was paid $10.00 per hour.

45. The Defendants failed to provide Plaintiff Dinc with a wage notice upon her hire or annually.

46. Defendant Tekin promised to pay Plaintiff $15.00 per hour plus 3% of tips if her two-week training period was successful.

47. Instead of increasing Plaintiff's rate of pay to $15.00 per hour, Defendant Tekin decreased her hourly rate to $6.00 per hour.

48. That at all times herein relevant, Defendant Tekin reduced Plaintiff Dinc's hourly wage because he stated that Plaintiff Dinc did not have the requisite experience to work for him or Defendant HairCo.

49. From approximately October 2020 to June 2021, Plaintiff Dinc worked six days per week, Monday to Saturday, from 7:00 a.m. to 6:00 p.m.

50. That at all times herein relevant Plaintiff Dinc worked approximately 66 hours per week.

51. During this time frame, Plaintiff Dinc was paid $6.00 per hour.

8

52. Plaintiff Dinc was paid by cash until on or about January 2021.

53. From approximately January 2021 until her constructive termination, Plaintiff Dinc was paid by check.

54. The Defendants failed to provide Plaintiff Dinc with wage statements / pay stubs with each payment she received.

55. The Defendants failed to pay Plaintiff Dinc minimum wage.

56. Although Plaintiff worked over forty hours per week, the Defendants failed to pay Plaintiff Dinc overtime.

57. Despite working shifts in excess of ten hours per day, the Defendants failed to pay Plaintiff Dinc spread-of-hours pay.

58. On or around June 2021, after countless complaints of being paid below the standard minimum wage, Defendant Tekin increased Plaintiff's hourly wage to $8.00 per hour – still below the minimum wage rate.

59. During her employment with Defendants, Plaintiff constantly objected and demanded proper pay.

60. That at all times herein relevant, Defendant Tekin continuously made false promises to pay her correctly in order to stop Plaintiff from complaining.

61. In or around June 22, 2021, Defendant Tekin increased Plaintiff Dinc's hours due to staffing issues and resignations.

62. As a result, from on or about June 22, 2021 until her constructive termination, Plaintiff Dinc worked seven days a week from 8:00 a.m. to 9:00 p.m., totaling to 91 hours per week.

63. The Defendants once again failed to pay Plaintiff Dinc minimum wage, overtime and spread-of-hours.

64. On or around July 2021, Plaintiff Dinc spoke with Defendant Tekin to again ask to be paid her proper wages.

65. Thereafter, in retaliation, Defendant Tekin began to reprimand Plaintiff Dinc because she had complained about his unlawful pay practices.

66. By way of example, Defendant Tekin said to Plaintiff Dinc, **I am paying you more than what I pay other employees. I am done with you. Get the hell out of my place.**

67. Plaintiff Dinc became fearful for her safety due to Defendant Tekin's aggressiveness.

68. Plaintiff Dinc then collected her belongings and left the location.

69. Plaintiff Dinc never received her final paycheck.

70. Defendants' retaliation resulted in Plaintiff Dinc's constructive termination, on or about October 21, 2021.

71. Upon information and belief, for the entirety of Plaintiff Dinc's employment with Defendant HairCo, Defendant HairCo failed to keep accurate records of wages earned or hours worked by Plaintiff.

72. On a regular basis, Plaintiff complained to Defendant Tekin about Defendant HairCo's about the failure to pay her minimum wage and overtime, but her complaints were made to no avail.

73. The Defendants knowingly and willfully operated their business with a policy of not paying the New York State minimum wage (of $15.00 per hour) to Plaintiff.

74. The Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to Plaintiff.

75. The Defendants knowingly and willfully operated their business with a policy of not pay spread of hours pay for shifts worked in excess of ten hours each day.

76. The Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notices to the Plaintiff at the beginning of her employment.

77. The Defendants knowingly and willfully operated their business with a policy of not provide wage statements / paystubs with each payment Plaintiff received.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Minimum Wage**
**(On Behalf of the Plaintiff and the FLSA Collective)**

78. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

79. Defendants were required to pay the Plaintiff and the FLSA Collective the applicable federal minimum wage rate.

80. Defendants failed to pay the Plaintiff and the FLSA Collective the minimum wages to which they are entitled under the FLSA.

81. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the FLSA Collective.

82. Defendants' violations of the FLSA described above have been willful and therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

83. As a result of Defendants' willful violations of the FLSA, the Plaintiff and the FLSA Collective are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act – Unpaid Overtime**
**(On Behalf of the Plaintiff and the FLSA Collective)**

84. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

85. Defendants are employers within the meaning of 29 U.S.C §§ 203(e) and 206(a) and employed the Plaintiff.

86. Defendants were required to pay the Plaintiff and the FLSA Collective one and one-half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours worked in excess of 40 hours in a workweek.

87. Defendants failed to pay the Plaintiff and the FLSA Collective the overtime wages to which they were entitled under the FLSA.

88. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay the Plaintiff and the FLSA Collective overtime wages.

89. Defendants' violations of the FLSA described above have been willful, and therefore, a three-year statute of limitations applies to this matter pursuant to the FLSA, 29 U.S.C. § 255(a).

90. As a result of Defendants' willful violations of the FLSA, the Plaintiff and the FLSA Collective are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to 29 U.S.C. § 216(b).

**THIRD CAUSE OF ACTION**
**Fair Labor Standards Act – Retaliation**
**(On Behalf of the Plaintiff)**

91. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

92. Plaintiff was an employee of Defendants within the meaning of the FLSA.

93. Defendants were employers of the Plaintiff within the meaning of the FLSA.

94. 29 U.S.C. § 215(a) (3) prohibits any person, "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

95. While employed by Defendants, the Plaintiff complained to Defendants about Defendants' unlawful employment practices, including Defendants' failure to pay the Plaintiff minimum wage and overtime.

96. Plaintiff's complaints constitute protected activity under the FLSA. After and as a result of the Plaintiff's complaints, Defendants constructively terminated Plaintiff's employment.

97. A causal connection exists between the Plaintiff's complaints of Defendants' unlawful pay practices —including Defendants' failure to pay her minimum wage and overtime — and Defendants' constructive termination of the Plaintiff's employment.

98. Defendants violated 29 U.S.C. § 215(a) (3) by constructively terminating the Plaintiff's employment in retaliation for Plaintiff's complaints of Defendants' unlawful pay practices.

99. Due to Defendants' violations of 29 U.S.C. § 215(a)(3), the Plaintiff is entitled to recover their lost wages and other compensatory damages, liquidated damages in an amount equal to their lost wages, pre-judgment and post-judgment interest, along with reasonable attorneys' fees, costs and injunctive and declaratory relief.

### FOURTH CAUSE OF ACTION
**New York Labor Law – Unpaid Minimum Wage**
**(On Behalf of the Plaintiff and the Rule 23 Class)**

100. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

101. Defendants failed to pay the Plaintiff and the Rule 23 Class the minimum wage to which they are entitled under the NYLL.

102. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiff and the Rule 23 Class minimum hourly wage.

103. As a result of Defendants' willful violations of the NYLL, the Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wage, liquidated damages,

pre-judgment interest, post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), et seq.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### (On Behalf of the Plaintiff and the Rule 23 Class)

104.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

105.    Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay the Plaintiff and other non-exempt employees one and one half (1 ½) times the regular rate of pay/applicable minimum wage rate for all hours they worked in excess of forty (40) hours per week.

106.    Defendants failed to pay the Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the NYLL.

107.    Defendants willfully violated the NYLL by knowingly and intentionally failing to pay the Plaintiff and the Rule 23 Class overtime wages.

108.    As a result of Defendants willful violations of the NYLL, the Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this action pursuant to NYLL §§ 663(1), et seq.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Unpaid Spread-of-Hours
### (On Behalf of the Plaintiff and the Rule 23 Class)

109.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

110.    Defendants have willfully failed to pay the Plaintiff and the Rule 23 Class additional compensation of one hour's pay at the minimum hourly wage rate in all instances where the Plaintiff and the Rule 23 Class worked either a split shift or more than 10 hours per day, in

violation of NYLL §§ 650, et seq. and the regulations promulgated thereunder including N.Y.

Comp. Code R. & Regs. Tit. 12 §§, 137-1.7 (2010), 146-1.6 (2012).

111.   As a result of Defendants willful violations of the NYLL, the Plaintiff and the Rule 23

Class are entitled to recover unpaid spread-of-hours compensation, liquidated damages, pre-

judgment and post-judgment interest, attorneys' fees, and costs and disbursements of this

action pursuant to the NYLL.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Wage Notice and Wage Statement Violations**
**(On Behalf of the Plaintiff and the Rule 23 Class)**

112.   Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

113.   NYLL § 195(1)(a) obligates every employer to: "provide his or her employees, in writing

in English and in the language identified by each employee as the primary language of such

employee, at the time of hiring, a notice containing the following information:  the rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission,

or other;  allowances, if any, claimed as part of the minimum wage, including tip, meal, or

lodging allowances;  the regular pay day designated by the employer in accordance with section

one hundred ninety-one of this article;  the name of the employer;  any "doing business as"

names used by the employer;  the physical address of the employer's main office or principal

place of business, and a mailing address if different;  the telephone number of the employer;

plus such other information as the commissioner deems material and necessary.  Each time

the employer provides such notice to an employee, the employer shall obtain from the

employee a signed and dated written acknowledgement, in English and in the primary language

of the employee, of receipt of this notice, which the employer shall preserve and maintain for

six years."

114.    Defendants failed to provide the Plaintiff and the Rule 23 Class with wage notices compliant with NYLL § 195(1) (a).

115.    Due to Defendants' violations of NYLL § 195(1), the Plaintiff and the Rule 23 Class are each entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL § 198(1-b)

116.    Defendants violated NYLL § 195(3) by failing to furnish the Plaintiff and the Rule 23 Class with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

117.    Through their failure to provide the Plaintiff and the Rule 23 Class with wage statements as required by the NYLL, Defendants have violated NYLL § 190, et seq. and the supporting New York State Department of Labor Regulations.

118.    Due to Defendants' violations of NYLL § 195(3), the Plaintiff and the Rule 23 Class are each entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000 each, plus reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198.

<u>**EIGHTH CAUSE OF ACTION**</u>
**New York Labor Law – Retaliation**
**(On Behalf of the Plaintiff)**

119.    Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

16

120.     Plaintiff is an employee of Defendants within the meaning of the NYLL.

121.     Defendants are employers of the Plaintiff within the meaning of the NYLL.

122.     NYLL § 215(1) states, in part, "No employer or his or her agent, or the officer of agent of

any corporation, partnership, or limited liability company…shall discharge, threaten, penalize

or in any other manner discriminate or retaliate against any employee (i) because such

employee has made a complaint to his or her employer…or his or her authorized

representative…that the employer has engaged in conduct that the employee, reasonably and

in good faith, believes violates any provision of this chapter…[or] (iii) because such employee

has caused to be instituted or is about to institute a proceeding under or related to this

chapter…or (v) because such employee has otherwise exercised rights protected under this

chapter…"

123.     While employed by the Defendants, the Plaintiff complained to the Defendants about

Defendants' unlawful practices, policies and procedures of not being paid proper wages,

including Defendants' failure to pay the Plaintiff minimum wage and overtime.

124.     Plaintiff's complaints to Defendants constitute protected activity under NYLL § 215.

125.     A causal connection exists between the Plaintiff's complaints of improper pay practices

and Plaintiff's constructive termination.

126.     Defendants violated NYLL § 215 by retaliating against the Plaintiff's by constructively

terminating her employment due to her complaints about Defendants' unlawful pay practices,

policies and procedures, including Defendants' failure to pay her minimum wage and overtime.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, individually and on behalf of the FLSA Collective and
Rule 23 Class, respectfully request that this Court GRANT the following relief:

A. Designating this action as a collective action on behalf of the FLSA Collective and
   ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly

17

situated non-exempt employees and appointing the Plaintiff and their counsel to represent the FLSA Collective.  Such notice shall inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit if they believe they were denied proper wages;

B.  Certifying this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Rule 23 Class and appointing the Plaintiff and their counsel to represent the class;

C.  Issuing an order tolling the statute of limitations;

D.  Issuing a declaratory judgment that the practices complained of herein are unlawful under applicable state and federal law;

E.  Declaring that Defendants have violated the minimum wage provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

F.  Declaring that Defendants violated the overtime provisions of the FLSA, NYLL and supporting New York State Department of Labor Regulations;

G.  Declaring that Defendants violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

H.  Declaring that Defendants violated the notice provisions of the NYLL and Wage Theft Prevention Act;

I.  Declaring that Defendants constructively terminated Plaintiff's employment due to Plaintiff's complaints of, and opposition to, Defendants' unlawful pay practices, policies and procedures, including Defendants' failure to pay the Plaintiff minimum wage and overtime, and awarding the Plaintiff a recovery for damages sustained;

J.  Enjoining future violations of the FLSA and NYLL by Defendants;

K.  Declaring that Defendants' violations of the FLSA and NYLL were willful;

L.  Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid minimum wage;

M.  Awarding Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wage;

N.  Awarding the Plaintiff and the Rule 23 Class unpaid spread-of hours compensation;

O.  Awarding the Plaintiff and the Rule 23 Class statutory penalties for Defendants failure to furnish wage notices and/or pay statements pursuant to the NYLL;

P.  Awarding the Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated and/or punitive damages in amount equal to the total amount of wages found to be due, pursuant to the FLSA and NYLL;

Q. Awarding the Plaintiff compensatory damages, pursuant to the FLSA and/or NYLL, retroactive to the date of her constructive termination, for all lost wages and benefits sustained as a result of Defendants' retaliatory conduct after and as a result of Plaintiff's complaints of and/or opposition to Defendants' unlawful pay practices;

R. Awarding the Plaintiff liquidated and/or punitive damages pursuant to the FLSA and/or NYLL due to Defendants' violations of those statutes as a result of Defendants' retaliatory conduct after and as a result of Plaintiff's complaints of and/or opposition to Defendants' unlawful pay practices;

S. Awarding the Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorney's fees, costs, and expenses of the action under the FLSA and NYLL; and,

T. Awarding the Plaintiff, the FLSA Collective, and the Rule 23 Class pre-judgment and post-judgment interest under the FLSA and NYLL; and

U. Awarding such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury.

Dated: September 20, 2022
      New York, New York

                    Respectfully submitted,

                    **Akin Law Group PLLC**

                    *Robert D. Salaman*
                    _____
                    Robert D. Salaman
                    45 Broadway, Suite 1420
                    New York, NY 10006
                    (212) 825-1400
                    rob@akinlaws.com

                    *Counsel for Plaintiff, FLSA Collective Plaintiff and the Class*

19